1   DOUGLAS E. OLSON (CSB NO. 38649)
    dougolson@sandiegoiplaw.com
2   JAMES V. FAZIO, III (CSB NO. 183353)
    jamesfazio@sandiegoiplaw.com
3   TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
    trevorcoddington@sandiegoiplaw.com
4   SAN DIEGO IP LAW GROUP LLP
    12526 High Bluff Drive, Suite 300
5   San Diego, CA 92130
    Telephone: (858) 792-3446
6   Facsimile: (858) 792-3447

7   Attorneys for Plaintiff
    STREETSPACE, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
    STREETSPACE, INC., a Delaware          CASE NO. 3:11-CV-04574-JW
12  corporation,
                                           **PLAINTIFF STREETSPACE, INC.'S**
13              Plaintiff,                 **OPPOSITION TO DEFENDANTS'**
                                           **MOTION FOR ADMINISTRATIVE**
14      vs.                                **RELIEF FROM CASE**
                                           **MANAGEMENT SCHEDULE**
15  GOOGLE INC., a Delaware corporation;
    ADMOB, INC., a Delaware corporation;
16  APPLE INC., a California corporation;
    QUATTRO WIRELESS, INC., a Delaware     Judge:      Hon. James Ware
17  corporation; NOKIA CORPORATION, a      Ctrm:       9
    foreign corporation; NOKIA INC., a
18  Delaware corporation; NAVTEQ
    CORPORATION, a Delaware corporation;
19  MILLENNIAL MEDIA, INC., a Delaware
    corporation; JUMPTAP, INC., a Delaware
20  corporation; and DOES 1 through 20,
    inclusive,
21
                Defendants.
22

23

24

25

26

27

28

                                           **CASE NO. 3:11-CV-04574-JW**

1    Plaintiff Streetspace, Inc. ("Streetspace") respectfully submits the following memorandum

2    of points and authorities in opposition to Defendants' motion for administrative relief from the

3    Court's case management schedule and to vacate all deadlines and the Case Management

4    Conference ("CMC") in this case. At the outset, Streetspace submits that Defendants' Motion

5    can and should be summarily denied because Defendants have not complied with Civil Local

6    Rule 7, have not provided the 35-day notice required by Civ. L.R. 7-2(a), have not obtained an

7    Order Shortening Time as permitted by Civ. L.R. 7-1(a)(2), and have not sought or obtained any

8    ex parte or other relief from these rules.

9    **I.    INTRODUCTION**

10    Defendants' attempts to derail and delay this litigation have proceeded long enough, and

11    their motion for administrative relief from the Court's case management schedule should

12    therefore be denied. This action was commenced nearly 17 months ago on August 23, 2010, and

13    Defendants have attempted to delay this case ever since. Rather than timely answer the complaint

14    after having had four months to do so, Defendants sought an extension of time to respond.

15    Defendants *waited five months* after the complaint was filed before seeking transfer of this case

16    from the Southern District of California where it was filed to this District. Defendants

17    inexplicably *waited more than one year* after the complaint was filed before requesting

18    reexamination by the USPTO. Indeed, the reexamination request was filed just one day before

19    the Patent Reform Act was signed in an attempt to avoid the new one year statutory limitation on

20    requesting inter partes reexamination that now applies. More recently, in an apparent attempt to

21    stonewall Streetspace and prevent discovery from commencing, Defendants have failed to

22    respond to any of Streetspace's three emails proposing dates for the mandatory Rule 26f

23    conference, which must be completed by January 9, 2012.

24    Now, Defendants seek to use their successful delay tactics to their further advantage by

25    asking the Court to vacate the CMC that took 17 months to be set on the apparent presumptions

26    that their pending motion to stay pending reexamination will be granted, and that vacating the

27    CMC will save significant resources. Neither presumption, however, is accurate. According to

28    statistics published on June 27, 2011 by Docket Navigator, motions to stay pending patent

-1-

1    reexamination were granted by the courts and judges surveyed both nationally and in the

2    Northern District of California only 53% of the time during the 18 month period ended June,

3    2011 (*see*, https://www.docketnavigator.com/entry/index.php?page=reexam, last accessed

4    January 3, 2012).  Moreover, it will not require a substantial amount of time or effort for the

5    parties or the Court to conduct the CMC.  Regardless, the parties have already expended a

6    significant amount of time and effort in this case so far in briefing multiple motions (including a

7    motion to dismiss, motion to transfer, and motion to disqualify counsel for Defendant Millennial

8    Media, Inc.); conducting multiple settlement discussions; searching for prior art; searching for

9    and preparing documents for production; analyzing the Defendants' accused products; as well as

10   preparing claim charts and initial disclosures (though they are not yet due).

11         In short, the Court should not reward Defendants for the success of their delay attempts by

12   vacating the CMC.  After 17 months of litigation, the CMC has finally been set for January 30,

13   2012 and should not be vacated.

14         **II.    BACKGROUND**

15         This action has already been pending for over a year and a half, and the Defendants have

16   consistently sought to delay this case from the outset.  Streetspace filed the complaint in this

17   action in the United States District Court for the Southern District of California on August 23,

18   2010.  D.E. No. 1.  Rather than timely answer after having had four months to do so, Defendants

19   sought an extension of time to respond to the complaint beginning on December 21, 2010 (with

20   Streetspace's grudging consent).  D.E. Nos. 10, 12, 15, 18.[1]

21         On January 18, 2011, the Defendants filed a motion to dismiss the complaint under Fed.

22   R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement, which they have re-noticed

23   for hearing in this Court on February 6, 2012.  D.E. No. 21.  On January 21, 2011, five months

24   after filing, the Defendants filed a motion to change venue to this District under 28 U.S.C.

25   § 1404.  D.E. No. 23.  On January 28, 2011, Streetspace filed a motion to disqualify counsel for

26

27   [1] Streetspace filed but did not immediately serve the complaint so that it could pursue settlement
     negotiations with the Defendants, several of which were protracted and involved multiple
28   discussions spanning many weeks, as well as an in-person meeting in the Northern District of
     California.  As a result, the summonses did not issue until December 6, 2010.  D.E. No. 7.

1    Defendant Millennial Media, Inc. (Cooley LLP) on the ground that its attorney Christopher

2    Campbell and his former intellectual property colleagues prosecuted Streetspace's '969 patent for

3    more than two years while Mr. Campbell was a partner at Hunton & Williams.  D.E. No. 29.

4    Streetspace's motion to disqualify remains pending, though Streetspace has not yet re-noticed the

5    motion for hearing in this Court.

6         On March 10, 2011, the Honorable Larry A. Burns of the Southern District of California

7    found the pending motions suitable for decision without oral argument and took the matters under

8    submission on the papers.  D.E. No. 44.  On September 12, 2011, Judge Burns granted

9    Defendants' motion to transfer venue and transferred the case to this District.  D.E. No. 57.  Judge

10   Burns expressly declined to rule on Streetspace's motion to disqualify Cooley LLP, or

11   Defendants' motion to dismiss, which remain pending.  *Id*.  On September 15, 2010, more than

12   one year after the complaint was filed, some Defendants filed a request for *inter partes*

13   reexamination of Streetspace's patent.  Originally, this case was assigned to Magistrate Judge

14   Donna Ryu in the Oakland Division of this District and the original case management conference

15   was scheduled for December 28, 2011.  D.E. No. 59.  However, only Streetspace consented to

16   Magistrate Judge Ryu's jurisdiction, so the case was reassigned to Judge Breyer, and shortly

17   thereafter reassigned to this Court.  D.E. Nos. 67, 69.  After nearly 17 months of litigation, the

18   CMC in this case is finally scheduled for January 30, 2012.

19   **III.    ARGUMENT**

20   **A.    Defendants' Motion Should Be Summarily Denied For Noncompliance With
21        Local Rules**

22        Defendants' Motion can and should be summarily denied because Defendants have not

23   complied with Civil Local Rule 7, have not provided the 35-day notice required by Civ. L.R. 7-

24   2(a), have not obtained any Order Shortening Time as permitted by Civ. L.R. 7-1(a)(2), and have

25   not sought or obtained any ex parte or other relief from these rules.  *Elder-Evins v. Casey*, 2011

26   WL 4079733, at *2 (N.D. Cal. Sep. 13, 2011) (*citing Grove v. Wells Fargo Fin. Cal., Inc.*, 606

27   F.3d 577, 582 (9th Cir. 2010) (courts may summarily deny motions not filed in compliance with

28   local rules).

**CASE NO. 10-CV-1747-LAB-AJB**

**B.      Defendants' Motion Should Be Denied On The Merits**

Defendants argue that continuing the Case Management Conference in this matter until

after the Court has ruled on Defendants' motion to stay proceedings pending reexamination will

save the parties and the Court significant resources.  That argument presumes that the Court will

stay these proceedings pending reexamination and presumes that the CMC will require a

significant expenditure of time and effort.  However, both presumptions are faulty.  First, while

the Court has the authority to stay actions pending reexaminations, the Court is not required to do

so and has the inherent power to manage its docket as it deems appropriate.  *Sorensen v. Lexar*

*Media, Inc.*, 2008 U.S. Dist. LEXIS 87511, at \*2-3 (N.D. Cal. Apr. 20, 2008) (Ware, J.) (*citing*

*Viskase Corp. .v American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001)).  Indeed, there is

no rule requiring courts to stay patent cases pending reexaminations because such a rule "would

invite parties to unilaterally derail" litigation.  *Tokuyama Corp. v. Vision Dynamics, LLC*, 2008

WL 4452118, at \*2 (N.D. Cal. Oct. 3, 2008) (*citing Soverain Software LLC v. Amazon.com, Inc*.,

356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).  According to statistics published on June 27, 2011

by Docket Navigator, motions to stay pending patent reexamination were granted by the courts

and judges surveyed both nationally and in the Northern District of California only 53% of the

time for the 18 month period ended June, 2011 (*see*,

https://www.docketnavigator.com/entry/index.php?page=reexam, last accessed January 3, 2012).[2]

Second, the CMC will not require a significant expenditure of time or effort by the parties

or the Court either to prepare for or conduct.  Regardless, the parties have already spent

considerable resources so far in this case briefing multiple motions, searching for prior art, and

conducting settlement negotiations.  Moreover, Streetspace has invested a considerable amount of

time and money over the past two years gathering and preparing its documents for production,

analyzing the Defendants' accused products, as well as preparing claim charts and initial

disclosures (which have not yet had to be served).  Further still, at least Streetspace will have

propounded extensive written discovery by the time of the CMC on January 30, 2012.[3]

---

[2] It appears that Docket Navigator publishes the rulings only of judges with at least 5 reported
decisions on motions to stay pending patent reexamination.
[3] For these reasons, Defendants' solitary reliance on *Akeena Solar Inc. v. Zep Solar Inc.*, 2010

-4-

1    The Court should not reward the Defendants for the success of their delay tactics by

2    lending credence to the argument that because Defendants' delays have been successful and

3    because no significant formal discovery has yet taken place, the case management conference

4    (which took nearly 17 months to schedule) should be vacated. Specifically, after having nearly

5    *four months* to prepare their answer to the complaint, Defendants sought an extension of time to

6    respond to the complaint. D.E. Nos. D.E. Nos. 10, 12, 15, 18. On January 18, 2011, the

7    Defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or, in the

8    alternative, for a more definite statement. D.E. No. 21. On January 21, 2011, *five months after*

9    the complaint was filed, the Defendants filed a motion to change venue to this District under 28

10   U.S.C. § 1404. D.E. No. 23. Defendants waited *more than one year* after the complaint was

11   filed to request reexamination, and more than one month after the USPTO granted the request to

12   file their motion to stay these proceedings.

13        Finally, while the PTO changes at least some of the asserted claims in many

14   reexamination proceedings, the PTO has not canceled any claims or issued a final office action in

15   this case. Moreover, the average pendency of *inter partes* reexamination proceedings is currently

16   36.2 months. *See*, http://www.uspto.gov/patents/IP_quarterly_report_September_2011.pdf (last

17   accessed January 3, 2012). The average length of delay is likely only to increase given the steady

18   rise in the number of reexaminations filed in the past several years. *Affinity Labs of Texas v.*

19   *Apple Inc.*, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010). Further still, if any party appeals

20   the outcome of the reexamination, the delay will likely extend yet another three years. *Id*.;

21   *Sorensen*, 2008 U.S. Dist. LEXIS 87511, at *3. During all that time, this Court "***could make***

22   ***substantial progress in interpreting the patent at issue and otherwise moving the action toward***

23   ***resolution***." *Sorensen*, 2008 U.S. Dist. LEXIS 87511, at *3 (emphasis added). The virtual

24   certainty of a 3-6 year delay would only compound the delay that has already occurred in this

25   case.

26        In short, the Defendants' attempts to derail and delay this litigation have proceeded long

27   WL 1526388 (N.D. Cal. Apr. 14, 2010, is misplaced. There, the nonmoving party had not
"invested substantial expense and time in the litigation." *Id*. at *3. By contrast here, Streetspace

28   has invested substantial time and expense in this case over the past three years.

-5-

**CASE NO. 10-CV-1747-LAB-AJB**

1    enough. After 17 months since the complaint was filed on August 23, 2010, the CMC is finally

2    scheduled for January 30, 2012 and should not be vacated.

3        **IV.    CONCLUSION**

4        For all of these reasons, Defendants' motion for administrative relief from the Court's

5    case management schedule should be denied.

6    Dated: January 3, 2012             SAN DIEGO IP LAW GROUP LLP

7

8                                By:/s/James V. Fazio, III

9                                      DOUGLAS E. OLSON
                                       JAMES V. FAZIO, III

10                                     TREVOR Q. CODDINGTON, PH.D.

11                               Attorneys for Plaintiff
                                 STREETSPACE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2012 a copy of the foregoing was filed electronically using the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties of record.

Dated:  January 3, 2012                     SAN DIEGO IP LAW GROUP LLP


                                            By:/s/James V. Fazio, III
                                                    DOUGLAS E. OLSON
                                                    JAMES V. FAZIO, III
                                                    TREVOR Q. CODDINGTON, PH.D.

                                            Attorneys for Plaintiff
                                            STREETSPACE, INC.

CASE NO. 10-CV-1747-LAB-AJB